# RABICOFF LAW LLC

4311 N RAVENSWOOD AVE SUITE 315    (773) 669 4590
CHICAGO, IL 60613    ISAAC @ RABILAW.COM

**February 2, 2026**

VIA ECF

Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___2/6/2026_____

RE:    *Cedar Lane Technologies Inc. v. City National Rochdale, LLC*
       Case No. 1:25-cv-07845-ALC (S.D.N.Y.)

Dear Judge Carter:

Plaintiff Cedar Lane Technologies Inc. respectfully submits this letter in opposition to Defendant City National Rochdale, LLC's ("CNR") January 28, 2026 letter (Dkt. No. 22), in which CNR states its intent to file a motion to dismiss the First Amended Complaint (Dkt. No. 21). Defendant's Proposed Motion is premature, substantively meritless and should be denied.

## I.    Plaintiff's Amendment Was Proper and Fully Authorized Under Rule 15 and the Court's Individual Practices

Defendant's suggestion that Plaintiff was required to signal its intent to amend in its responsive pre-motion letter (Dkt. No. 16) misreads the Court's Individual Practices. Paragraph 2(D)(i) provides that "[d]uring a pre-motion conference to discuss a motion to dismiss, the non-moving party must advise the Court and its adversary whether it intends to file an amended pleading based on the pre-motion conference letter, and if so, when it will do so." The operative language is clear; the obligation to advise arises "during a pre-motion conference," not in the pre-motion letter exchange. No pre-motion conference was held in this case. In fact, the Court denied the letter motion for conference. *See* Dkt. No. 18. The letters exchanged (Dkt. Nos. 15 and 16) are not a substitute for a conference, and nothing in the Court's Individual Practices imposes on the non-moving party any obligation to signal an intent to amend in the responsive letter.

Moreover, Plaintiff's amendment was filed as of right under Federal Rule of Civil Procedure 15(a)(1)(B), which permits a party to amend its pleading "within 21 days after service of a motion under Rule 12(b).". Plaintiff filed its First Amended Complaint within twenty-one days of that filing, well within the period permitted by Rule 15(a)(1)(B). Dkt. No. 21.

## II.    Defendant Fails to Engage with the Substance of the Amended Complaint

Defendant's letter is remarkable for what it does not contain—any substantive engagement with the FAC's new allegations. Defendant dismisses the amended complaint's eleven new paragraphs as "additional conclusory arguments" and the amended claim chart's detailed factual allegations as "minimal edits adding 'on information and belief' paragraphs." Dkt. No. 22 at 1.

**A. The Amended Complaint's Direct Infringement Allegations Are Detailed and Sufficient**

The FAC and its incorporated Claim Chart now allege, on information and belief, detailed facts establishing that CNR directly performs each step of the method claimed in Claim 20—or, in the alternative, that any steps performed by third parties are attributable to CNR.

For example, the Amended Claim Chart alleges that CNR (1) associates its clients with identifiers (account numbers, usernames) in its own computer systems; (2) acquires and stores trade history information associated with those identifiers in its own databases; (3) generates profiles of its clients containing information—including retail investor classification—that indicates whether transactions will generate a profit; and (4) generates different offers (Retail Orders versus non-Retail Orders) to different clients based on those profiles, and submits those offers to exchanges for processing. *See* Dkt. No. 21-2 at 1, 4, 7, 10, 19.

Defendant's initial pre-motion letter (Dkt. No. 15) complained that Plaintiff failed to identify hardware or processors. The amended Claim Chart now specifically alleges, on information and belief, that CNR's web-based client portals are served by backend computing infrastructure including servers with hardware processors; that CNR operates or contracts for data center infrastructure containing computer servers with processors executing the order execution and management system software; and that CNR's web-based securities trading platform could not function without processors implemented in hardware. *See* Dkt. No. 21-2 at 4. Defendant's January 28 letter does not address these allegations at all.

Defendant's initial letter also complained of a missing connection between the "profile" limitation and Defendant's activities. The amended Claim Chart now alleges in detail that CNR's system generates and maintains client account profiles that include the client's classification as a "retail investor" or institutional/non-retail investor; that this classification is based on trading history and account characteristics; and that when a client's profile indicates the client is a retail investor, this directly indicates that trading transactions executed on behalf of that client will generate a profit, which the original Claim Chart already identified. *See* Dkt. No. 21-2 at 10. Again, Defendant's letter is silent on these allegations.

Defendant's initial letter raised a divided-infringement argument under *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020 (Fed. Cir. 2015) (en banc), contending that the patent contemplates multiple entities and that Plaintiff failed to allege CNR performs each step. The amended Claim Chart addresses this head-on, alleging both that CNR directly performs each step of the claimed method—including during internal testing—and, alternatively, that to the extent any steps are performed by exchanges or other entities, CNR directs or controls the manner or timing of such performance, or conditions participation in an activity or receipt of a benefit upon performance of such steps, such that those steps are attributable to CNR. *See* Dkt. No. 21-4 at 10. Allegations of internal testing are routinely found sufficient at the pleading stage. *See Aperture Net LLC v. Opengear, Inc.*, No. 20-CV-03613-SVK, 2020 WL 11401699, at *3 (N.D. Cal. Dec. 10, 2020) (sufficient where plaintiff alleged defendant "practiced all of the steps . . . through internal testing, quality assurance, research and development, and troubleshooting"); *Encoditech LLC v. Qardio, Inc.*, No. CV 18-2059 (MN), 2019 WL 2526725, at *6 (D. Del. June 19, 2019) (allegation that defendant "performed all of the steps . . . by its internal testing" sufficient);

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. CV 18-098 (MN), 2018 WL 6629709, at *3 (D. Del. Dec. 19, 2018) ("It is not implausible that Defendants perform internal testing . . . that results in performance of all the steps in claim 1, and Plaintiff would have no insight into Defendants' internal activities at the pleading stage."). Moreover, Defendant's divided-infringement argument improperly attempts to import a limitation from the specification—the "takers" and "providers" distinction—into Claim 20.

These allegations more than satisfy the pleading standard. Plaintiff is not required to "prove [its] case at the pleading stage." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1346 (Fed. Cir. 2021). Rather, a plaintiff need only give the alleged infringer fair notice of infringement, and "the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met." *Id.* at 1352; *see Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

Defendant has not addressed any of these strengthened allegations in its January 28 letter. Instead, Defendant simply asserts that the amendments "do not address the deficiencies identified in the initial motion to dismiss." Dkt. No. 22 at 1. They plainly do, and Defendant's failure to explain why any specific allegation is deficient speaks for itself.

**B. The Amended Complaint's Section 101 Allegations Raise Factual Disputes Precluding Dismissal**

The FAC adds detailed allegations at Paragraphs 10 through 21 explaining the specific technical problems in conventional electronic trading systems that the '782 Patent solves, the inventive concepts embodied in each limitation of Claim 20, and the concrete improvements to trading system efficiency that the claimed method achieves. Dkt. No. 21 ¶¶ 10–21. These paragraphs are not "conclusory"—they draw directly from the patent specification and explain, with specificity, why the claimed invention represents a patent-eligible advance over the prior art.

These allegations are closely analogous to the claims upheld by the Federal Circuit in *Weisner v. Google LLC*, 51 F.4th 1073 (Fed. Cir. 2022). In *Weisner*, the Federal Circuit held that claims reciting a specific implementation for improving computerized search results—using particular data relationships to prioritize outputs—survived dismissal because they provided "a specific solution to an Internet-centric problem." *Id.* at 1087–88. Like the claims in *Weisner*, Claim 20 does not merely recite the abstract concept of facilitating transactions. Just as the claims in *Weisner* used physical location history data and relationships with "reference individuals" to generate improved, personalized search results, Claim 20 uses trade history information and individualized trading entity profiles to generate improved, differentiated offers. These allegations raise factual questions about whether the claimed elements—individually or in combination—were well-understood, routine, and conventional, which the Federal Circuit has held are questions of fact. *See Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018).

**III. Conclusion**

For these reasons, Cedar Lane respectfully requests that the Court deny or defer Defendant's contemplated motion to dismiss.

Dated: February 2, 2026          Respectfully submitted,

/s/ Isaac Rabicoff
Isaac Rabicoff
Rabicoff Law LLC
www.RabiLaw.com
4311 N Ravenswood Ave Suite 315
Chicago, IL 60613
773.669.4590
isaac@rabilaw.com


**Counsel for Plaintiff**
**Cedar Lane Technologies, Inc.**


On January 22, 2026, Plaintiff filed an amended Complaint in this matter pursuant to FRCP 15(a)(1)(B). Dkt. No. 21. Therefore, Defendant's Motion to Dismiss the Complaint (Dkt. No. 19) is **DENIED** as moot.

On February 5, 2026, Defendant moved to dismiss the First Amended Complaint. Dkt. No. 24. The Court will not defer or deny the Motion to Dismiss the First Amended Complaint at this time. The Court hereby sets the following briefing schedule:

- Plaintiff's Response, if any, is due by **February 20, 2026**
- Defendant's Reply, if any, is due by  **February 27, 2026**

The Clerk of Court is respectfully directed to terminate the pending motion at Dkt No. 19.

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

February 6, 2026

— 4 —
LETTER MOTION TO JUDGE CARTER