**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CEDAR LANE TECHNOLOGIES INC.,<br><br>Plaintiff,<br><br>v.<br><br>CITY NATIONAL ROCHDALE, LLC,<br><br>Defendant. | Case No. 1:25-cv-07845-ALC<br><br>ORDER VACATING THE SEPTEMBER 30, 2026 OPINION AND ORDER |

Upon the letter motion of Plaintiff Cedar Lane Technologies Inc. ("Cedar Lane"), dated November 6, 2026, seeking vacatur of this Court's Opinion and Order of September 30, 2026 (ECF No. 37, the "September 30 Order"); Defendant City National Rochdale, LLC ("Defendant") having advised that it does not join that motion, takes no position on the vacatur requested, and will not oppose it; and upon the full record in this action:

The Court finds that the parties executed a confidential written settlement agreement (the "Settlement Agreement") that became fully effective on July 8, 2026, nearly three months before the September 30 Order issued; that under the Settlement Agreement Defendant received a license to and a release under U.S. Patent No. 8,577,782, the patent-in-suit, and all claims that were or could have been asserted in this action were resolved; that the consideration due under the Settlement Agreement has been paid in full; and that the Settlement Agreement mooted the parties' dispute over the infringement, validity, and eligibility of the patent-in-suit before the September 30 Order issued. *See Serta Simmons Bedding, LLC v. Casper Sleep Inc.*, 950 F.3d 849, 853 (Fed. Cir. 2020).

The Court further finds that no stipulation of dismissal was filed, and the pending motion was not withdrawn, before the September 30 Order issued; that the September 30 Order granted Defendant's motion to dismiss the First Amended Complaint, granted Cedar Lane leave to file an amended pleading by October 28, 2026, and directed the parties to file a joint status report by November 13, 2026; and that Cedar Lane filed a Second Amended Complaint on October 28, 2026.

The Court further finds that the September 30 Order granted leave to amend and set further deadlines, and that it neither entered judgment nor terminated this action. The September 30 Order is therefore an interlocutory order that may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. Fed. R. Civ. P. 54(b).

Accordingly, IT IS HEREBY ORDERED that:

1. The September 30 Order (ECF No. 37) is VACATED in its entirety.

2. Defendant's motion to dismiss the First Amended Complaint (ECF No. 24) is TERMINATED AS MOOT.

3. The November 13, 2026 deadline to file a joint status report, as set in the September 30 Order, is VACATED.

**SO ORDERED.**

Dated: November 12, 2026
New York, New York

HON. ANDREW L. CARTER, JR.
United States District Judge